# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ACNR RESOURCES, INC.,**
**Employer Below, Petitioner**

**FILED**
**May 23, 2024**

ASHLEY N. DEEM, DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 23-ICA-522**      (JCN: 2023016774)

**DONALD R. ENDICOTT,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner ACNR Resources, Inc.[1] ("ACNR") appeals the October 24, 2023, decision of the Workers' Compensation Board of Review ("Board"). Respondent Donald R. Endicott timely filed a response.[2] ACNR did not file a reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order, holding Mr. Endicott's claim compensable for a right shoulder sprain, and granting authorization for an MRI.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Endicott completed an Employees' and Physicians' Report of Occupational Injury on March 7, 2023. Mr. Endicott stated that he bent down to pick up roof straps while at work for ACNR on March 6, 2023, and sustained a right shoulder injury. Mr. Endicott was treated at MedExpress on March 7, 2023, where he presented with right shoulder pain. The diagnosis was pain in the right shoulder joint and sprain of the right shoulder. An x-

---

[1] For reasons not readily apparent in the record, the parties have substituted "Marshall County Coal Resources, Inc." for the employer that was identified below as "ACNR Resources, Inc." Consistent with the action of the Supreme Court of Appeals of West Virginia in *Delbert v. Murray American Energy, Inc*, 247 W. Va. 367, 369 n.1, 880 S.E.2d 89, 91 n.1 (2022), we use the name of the employer as designated in the order on appeal: ACNR Resources, Inc.

[2] ACNR is represented by Aimee M. Stern, Esq. Mr. Endicott is represented by J. Thomas Greene, Jr., Esq., and T. Colin Greene, Esq.

ray of the right shoulder revealed no acute bony abnormality. Mr. Endicott was placed on modified work duty.

On March 9, 2023, Matthew Swihent, who was working with Mr. Endicott on the date of the injury, provided a written statement to ACNR. Mr. Swihent stated that Mr. Endicott "never said to me shoulder was injured or hurt, sat rest of shift."

Mr. Endicott followed-up at MedExpress on March 12, 2023. He was seen by Heather Gibbons, FNP. Mr. Endicott reported that his right shoulder pain was much worse and now radiated down the right arm. He further stated that it felt like something was ripping in his shoulder. Ms. Gibbons noted that Mr. Endicott was not working at the time of this visit. The assessment was shoulder strain, strain of unspecified muscle, fascia and tendon at shoulder and upper arm level, right arm. An MRI of the right shoulder was recommended, and Mr. Endicott was given an arm sling.

On March 14, 2023, the claim administrator issued an order denying Mr. Endicott's claim based on Mr. Swihent's witness statement. On March 23, 2023, the claim administrator issued a separate order that denied the request for authorization for an MRI of the right shoulder because the claim had been rejected. Mr. Endicott protested both orders to the Board.

On March 18, 2023, Mr. Endicott returned to MedExpress and was seen by Randall Swain, M.D. Mr. Endicott reported muscle aches, muscle weakness, and arthralgias/joint pain in the right shoulder. Dr. Swain noted tenderness of the supraspinatus, the subdeltoid bursa, and the glenohumeral joint region. The assessment was shoulder strain. Dr. Swain recommended rotator cuff exercises.

Mr. Endicott underwent an MRI on April 8, 2023, which revealed a small full-thickness partial width tear of the distal supraspinatus tendon and abnormal intra-articular portion of the long head of the biceps tendon. This MRI was paid for with Mr. Endicott's private insurance due to the claim administrator's denial of the authorization request.

On April 25, 2023, an x-ray was taken of Mr. Endicott's right shoulder. The x-ray revealed no acute fractures and no dislocation or subluxation. The x-ray also revealed mild degenerative changes, small glenoid osteophytes, mild sclerosis of the greater tuberosity, degenerative changes associated with rotator cuff pathology, and small bony exostosis inferior clavicle.

On May 18, 2024, Mr. Endicott testified that while at work on March 6, 2023, he was loading a scoop when he bent over to pick up a strap and heard his right arm pull and pop. Mr. Endicott stated that he finished his shift and did not report the injury that day, as he believed his shoulder would improve. However, his shoulder symptoms increased later that evening. According to Mr. Endicott, he returned to work the next day, reported the

injury, and ACNR referred him to MedExpress. Mr. Endicott stated that after his MRI was denied by the claim administrator, he had it covered by private insurance.

The Board issued an order dated October 24, 2023, which reversed the claim administrator's orders dated March 14, 2023, and March 23, 2023. The Board held Mr. Endicott's claim compensable for right shoulder sprain. Further, the Board found that the request for an MRI was medically related and reasonably required for diagnosis of the compensable injury, as the claim administrator's reasoning for denying the treatment was erroneous, now that the claim was found compensable. The Board further held that the treatment authorization would apply to the MRI performed on April 8, 2023. ACNR now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

On appeal, ACNR raises one assignment of error. ACNR argues that the Board erred in concluding that the statement of Mr. Endicott's coworker was an insufficient basis to warrant rejection of the claim. We disagree.

In order for an injury to be held compensable, there must be a personal injury, received in the course of employment, and resulting from that employment. Syl. Pt. 1, *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). Further, the claim administrator must provide a claimant with medically related and reasonably necessary treatment for a compensable injury. *See* W. Va. Code § 23-4-3 (2005) and W. Va. Code. R. § 85-20-9.1 (2006).

3

As our Supreme Court of Appeals has set forth: "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this high standard of review in mind, we are unable to conclude that the Board erred in holding that Mr. Endicott's claim was compensable and in granting authorization for an MRI.

Upon review, both the medical evidence in the record and Mr. Endicott's testimony supports the Board's conclusion that Mr. Endicott suffered a compensable injury while at work on March 6, 2023. The Board found that the date and mechanism of Mr. Endicott's injury were consistent throughout the record. The medical evidence establishes a diagnosis of right shoulder sprain based on the March 6, 2023, occupational injury. The Board also found that Mr. Swihent's statement did not refute the other evidence of Mr. Endicott's injury. Mr. Endicott testified that he did not report the injury on the date it occurred because he believed that it would improve by the next day. He further stated that when it did not improve, he returned to work on March 7, 2023, and notified ACNR of his injury. The evidence establishes that Mr. Endicott had worsening right shoulder pain, and he felt like something was ripping in his shoulder. Later, an MRI on April 8, 2023, identified a small full thickness tear of the distal supraspinatus tendon and an abnormal intra-articular portion of the long head of the biceps tendon. Based on the foregoing, we conclude that the Board was not clearly wrong in holding Mr. Endicott's claim compensable for right shoulder sprain.[3]

Further, we find that the Board also did not err in granting authorization for the MRI of Mr. Endicott's shoulder. The claim administrator denied authorization for the MRI because the claim was rejected. However, the Board found that the reason for the denial was erroneous, as the Board found the claim to be compensable for right shoulder strain, and it found that the MRI was causally related to the compensable injury. Thus, we find that the Board was not clearly wrong in finding that Mr. Endicott's request for the MRI is medically related and reasonably required for the compensable injury, and therefore, should be authorized.

Accordingly, we affirm the Board's October 24, 2023, order.

---

[3] Mr. Endicott argues that the MRI findings of small full-thickness partial width tear of the distal supraspinatus tendon and abnormal intra-articular portion of the long head of the biceps tendon from the MRI performed on April 8, 2023, should be held compensable. There is no medical opinion in the record that these conditions are causally related to the compensable injury. However, we agree with the Board's conclusion that this does not preclude Mr. Endicott from completing a Diagnosis Update and requesting that these conditions be added to the claim.

Affirmed.

**ISSUED:**  May 23, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear